Filed 7/24/14  P. v. Diaz CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JUAN DIAZ,<br><br>　　　　　Defendant and Appellant. | B248386<br><br>(Los Angeles County<br>Super. Ct. No. BA397666) |

　　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  Barbara R. Johnson, Judge.  Reversed.

　　　　　Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven E. Mercer and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Juan Diaz of burglary. In instructing the jury prior to its deliberation, the court apparently through inadvertence neglected to instruct that the defendant is presumed innocent and that he must be proven guilty beyond a reasonable doubt. On review of the whole record of instructions, we conclude that the court's failure to instruct on reasonable doubt requires Diaz's conviction be reversed.

## FACTS AND PROCEEDINGS BELOW

We summarize the facts briefly because, as we explain below, the strength of the prosecution's evidence is irrelevant to our decision.

Based on information obtained from a wiretap, police believed that Diaz and an accomplice intended to assault Rafael Davila in his auto shop. Police officers observed Diaz and a companion enter the shop and later run out and drive away. The officers stopped and detained Diaz and his companion. In a field identification, Davila identified the two men as the ones who assaulted him and attempted to rob him in his shop.

The People charged Diaz with robbery and burglary. A jury convicted him of burglary and acquitted him of robbery. The court sentenced Diaz to the midterm of two years in prison. Diaz filed a timely notice of appeal.

## DISCUSSION

Penal Code section 1096 provides in relevant part that: "[a] defendant in a criminal action is presumed to be innocent until the contrary is proved . . . beyond a reasonable doubt" and defines the term "reasonable doubt." Evidence Code section 502 states that "[t]he court . . . shall instruct the jury as to which party bears the burden of proof on each issue and as to whether that burden requires that a party raise a reasonable doubt concerning the existence or nonexistence of a fact . . ."

The substance of Penal Code section 1096, quoted above, has been incorporated into CALCRIM No. 220. (*People v. Aranda* (2012) 55 Cal.4th 342, 353 (*Aranda*).) Here, however, the court read only the first paragraph of CALCRIM No. 220 which states: "The fact that a criminal charge has been filed against the defendants is not evidence that the charge is true. You must not be biased against the defendants just

2

because [they have] been arrested, charged with a crime, or brought to trial." The court skipped the rest of the instruction which declares that the defendant "is presumed to be innocent" and that this presumption requires that the People prove the defendant is "guilty beyond a reasonable doubt." The court also failed to read the instruction's definition of "reasonable doubt."[1] The written version of CALCRIM No. 220 that the court submitted to the jury also contained only the first paragraph. Diaz maintains that these omissions violated his rights to due process and a fair trial under federal and California law.

We agree with Diaz that the court committed reversible error in failing to instruct the jury prior to its deliberations that in order to find him guilty of a crime it must be convinced beyond a reasonable doubt as to every element of the crime.

A.     **Failure To Give A Predeliberation Instruction On Proof Beyond A Reasonable Doubt Amounted To Federal Constitutional Error.**

In *Aranda*, *supra,* our high court stated the rule to be applied when the trial court fails to give the "standard" reasonable doubt instruction on reasonable doubt, (i.e. CALCRIM No. 220 or CALJIC No. 2.90). "[T]he omission of the standard reasonable doubt instruction will amount to a federal due process violation when the instructions that were given by the court failed to explain that the defendant could not be convicted 'unless each element of the crimes charged was proved to the jurors' satisfaction beyond a reasonable doubt.' . . ." (*Aranda*, *supra*, 55 Cal.4th at p. 358; citation omitted.) It is not

---

[1]     The missing portion of CALCRIM No. 220 states: "A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt [unless I specifically tell you otherwise]. [¶] Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant[s] guilty beyond a reasonable doubt, (he/she/they) (is/are) entitled to an acquittal and you must find (him/her/them) not guilty.

3

sufficient that the trial court referred to reasonable doubt in connection with "narrow evidentiary or procedural determinations." (*Id*. at pp. 358-359, citing cases.) The trial court must connect the reasonable doubt requirement to the elements of the substantive crime charged. (*Id*. at pp. 357, 358-359.)

The Supreme Court, in *Aranda*, held that the trial court satisfied this test in instructing on a charge of murder and its lesser included offenses but failed the test with respect to a charge of participation in a criminal street gang. (*Aranda*, *supra*, 55 Cal.4th at p. 350.) Due process was satisfied as to the murder charge because "the trial court repeatedly referred to the prosecution's burden of proving guilt beyond a reasonable doubt when instructing on the murder charge and its lesser included offenses, *clearly and directly connecting the requisite standard of proof to those offenses*." (*Aranda*, at p. 361, italics added.)

In the case before us the trial court referred to proof beyond a reasonable doubt in its instructions on eyewitness identification, circumstantial evidence, the defendant's right not to testify, and aiding and abetting. None of these isolated applications of the reasonable doubt standard, however, explained that Diaz could not be convicted of robbery or burglary "'unless each element of the crimes charged was proved to the jurors' satisfaction beyond a reasonable doubt.' . . ." (*Aranda*, *supra,* 55 Cal.4th at p. 358; citation omitted.) Nor did any of these instructions define the term "reasonable doubt." In *People v. Flores* (2007) 147 Cal.App.4th 199, 215-216 (*Flores*), for example, the court held that due process was not satisfied by reference to proof beyond a reasonable doubt in the trial court's instructions on circumstantial evidence and the defendant's right not to testify. The trial court's predeliberation instructions in this case did not satisfy federal constitutional standards as interpreted by our high court in *Aranda*.

We recognize that prior to the commencement of jury selection the court explained some basic rules of law and procedure to the potential jurors by reading CALCRIM No. 103 which informed them that "[a] defendant in a criminal case is presumed to be innocent"; that this presumption "requires that the People prove a

4

defendant guilty beyond a reasonable doubt"; and defined the term "reasonable doubt." In *Aranda*, however, the court noted that "no decision has viewed instructions and remarks at this stage of the proceedings as an adequate substitute for the court's duty to instruct the jurors prior to deliberation on the principle of proof beyond a reasonable doubt." (*Aranda*, *supra*, 55 Cal.4th at p. 362, fn. 11, see discussion of harmless error, *post*.)

### B.     The Error Was Not Harmless Beyond a Reasonable Doubt.

We turn now to the question whether, in light of all the instructions given, the court's error in not giving a predeliberation instruction on reasonable doubt may properly be found harmless beyond a reasonable doubt. (*Aranda*, *supra,* 55 Cal.4th at p. 367.)

Again, we look to *Aranda* for guidance.

In assessing harmless error in *Aranda* our Supreme Court began by rejecting the usual "*Chapman*" analysis[2] which relies heavily on the strength of the prosecution's case. (*Aranda*, *supra*, 55 Cal.4th at p. 368; see e.g. *People v. Houston* (2012) 54 Cal.4th 1186, 1222.)  The court explained that if a reviewing court found that the failure to instruct on reasonable doubt was harmless based on the overwhelming weight of the prosecution's case the court would be "expressing its own idea 'of what a reasonable jury would have done.'"  When a court does that, """" the wrong entity judge[s] the defendant guilty.""" (*Ibid.*, citations omitted.)  Therefore, "[n]o matter how overwhelming a court may view the strength of the evidence of the defendant's guilt, that factor is not a proper consideration on which to conclude that the erroneous omission of the standard reasonable doubt instruction was harmless under *Chapman.*" (*Ibid*.)  Instead of relying on the strength of the prosecution's evidence, the appellate court "should evaluate the record as a whole" to assess how the trial court's error in failing to instruct on reasonable doubt affected the jury's determination of guilt. (*Ibid*.)  "If it can be said beyond a reasonable doubt that the jury must have found the defendant's guilt beyond a reasonable

---

[2]     *Chapman v. California* (1967) 386 U.S. 18, 24.

doubt, the error is harmless.  If the reviewing court cannot draw this conclusion, reversal is required."  (*Ibid*.)

After reviewing the record of the trial court's instructions, we cannot declare a belief that omitting an instruction on reasonable doubt from the predeliberation instructions was harmless beyond a reasonable doubt.

In *Aranda* the court found that the failure to give a predeliberation instruction on reasonable doubt as to the gang charge was harmless error because (1) the trial court gave that instruction with respect to the murder charge and it was not reasonably possible that the jury would have thought a different standard applied to the gang charge (*Aranda*, *supra*, 55 Cal.4th at p. 369); (2) the trial court read the CALJIC reasonable doubt instruction to the prospective jurors and throughout the next two days of jury selection continued to reference and clarify the reasonable doubt standard (*id*. at pp. 371-372); (3) the trial court, in its introductory remarks, explained the connection between the standard of reasonable doubt and the elements of the charged crimes (*id*. at p. 372); and (4) the trial court's pretrial instructions did not conflict with its predeliberation instructions and the court instructed the jury that all of its instructions, whether given before, during or after the taking of testimony "'are of equal importance'" (*id*. at p. 373).

This case is distinguishable from *Aranda* in all of the preceding aspects.  Unlike *Aranda*, the trial court in this case did not give the reasonable doubt instruction with respect to one of the charged crimes but not the other.  And, although the court read an instruction on reasonable doubt to the jury venire, unlike *Aranda*, the record does not show that the court repeated and expounded on that standard during jury selection. (Cf. *Aranda*, *supra*, 55 Cal.4th at p. 371.)  Furthermore, seven days elapsed between the court's explanation of the reasonable doubt requirement to the crowd of prospective jurors and the court's predeliberation instructions to the twelve jurors who would decide the case.  (Cf. *People v. Elguera* (1992) 8 Cal.App.4th 1214, 1223 [jurors "unlikely to remember [reasonable doubt instruction] read to them five and one-half hours earlier"].)  As pointed out in *Flores*, *supra*, 147 Cal.App.4th at p. 215 "it is unreasonable to expect

prospective jurors, who have yet to be empanelled and sworn as actual jurors in the trial, to give the necessary attention and weight to instructions given by a trial court during jury selection as the federal constitution requires."

In sum, we cannot say that the trial court's error was harmless beyond a reasonable doubt. Accordingly, we reverse the judgment.[3]

## DISPOSITION

The judgment is reversed.

NOT TO BE PUBLISHED.


                                                ROTHSCHILD, P. J.

We concur:


        JOHNSON, J.


        MILLER, J.[*]

_____

[3]      Given this holding we need not address Diaz's other claims of error.

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.